WILLIAMS BROTHERS AIRCRAFT CORPORATION, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 3771.   Promulgated February 9, 1927.

Cost of intangible properties paid in for stock and tangible property paid in without consideration is not proved. *Held,* that failure to prove such cost is not evidence that invested capital can not be ascertained. Petitioner's request for recomputation of tax liability under section 328 of the Revenue Act of 1918 is denied.

*Perry W. Shrader, Esq.,* for the petitioner.
*D. D. Shepard, Esq.,* for the respondent.

This is a proceeding for the redetermination of a deficiency in income and profits taxes for the year 1919, in the amount of $632.06. The petitioner asks that its valuation of intangible assets, paid in for capital stock, be approved and considered in the computation of invested capital, together with tangible assets which, it alleges, had a value of $54,465 at the date they were paid in to the corporation by the stockholders thereof. If its invested capital can not be ascertained the petitioner asks for special assessment.

FINDINGS OF FACT.

The petitioner is a California corporation with its principal office at San Francisco, where it is engaged in the business of building and selling aeroplanes and accelerators for use on internal-combustion engines. It was incorporated on January 18, 1918, with authorized capital in the amount of $100,000, divided into 100,000 shares of the par value of $1 each. It is the successor of a partnership which previously, and at the same location, conducted a similar business under the name of Williams Brothers Manufacturing Co.

At the date of its incorporation, the petitioner issued 55,020 shares of its capital stock to Emma F. Williams, for and on behalf of the partners of the Williams Brothers Manufacturing Co., and received therefor United States Patent No. 1,014,194, covering an improved type of aeroplane, and the interest of the partnership in an invention described as an accelerator attachment for internal-combustion engines, for which an application for letters patent was then pending in the Patent Office of the United States. At such date the patent and accelerator invention, together, had a value of $10,000.

At the date of incorporation the members of the Williams Brothers Manufacturing Co. were Emma F. Williams, P. J. Williams, Chester L. Williams and Lloyd M. Williams, each owning an equal interest therein. Immediately after the incorporation of the petitioner and

the issue of 55,020 shares of stock in exchange for the intangible property of the partnership, the stockholders and stock holdings thereof were as follows: Emma F. Williams, 25,000 shares; P. J. Williams, 10,000 shares; Chester L. Williams, 10,000 shares, and Lloyd M. Williams, 10,000 shares.

On January 18, 1918, the stockholders of the petitioner, being all the members of the predecessor partnership, paid in to the corporation, without consideration, either in shares of stock or cash, the following enumerated articles of tangible assets: A heavy lathe; a power cut-off saw; a cross-cut saw; a double spindle precision drill press; a Golden Gate gas engine; a large number of small tools, shafts, pulleys, belts, and hangars; a forge; a shop building, 3 partly completed aeroplanes; 6 models of aeroplanes; 5 small Curtiss motorcycle motors, and a quantity of drawings and blue prints used in the manufacture of the various articles which the petitioner was organized to produce. The value of the tangible assets so paid in was $30,000.

### OPINION.

LANSDON: The issue here is solely as to the amount of invested capital to which the petitioner is entitled in the determination of its tax liability for the year 1919. Section 326(a) of the Revenue Act of 1918 provides that the term "invested capital" for any year means:

(1) Actual cash bona fide paid in for stock or shares;

(2) Actual cash value of tangible property, other than cash, bona fide paid in for stock or shares, at the time of such payment, but in no case to exceed the par value of the original stock or shares specifically issued therefor, unless the actual cash value of such tangible property at the time paid in is shown to the satisfaction of the Commissioner to have been clearly and substantially in excess of such par value, in which case such excess shall be treated as paid-in surplus: * * *

(3) Paid-in or earned surplus and undivided profits; * * *

   *       *       *       *       *       *

(5) Intangible property bona fide paid in for stock or shares on or after March 3, 1917, in an amount not exceeding (a) the actual cash value of such property at the time paid in, (b) the par value of the stock or shares issued therefor, or (c) in the aggregate 25 per centum of the par value of the total stock or shares of the corporation outstanding at the beginning of the taxable year, whichever is lowest * * *.

The petitioner was incorporated on January 18, 1918, with an authorized capital in the amount of $100,000. At the date of incorporation shares of the par value of $55,020 were issued in exchange for the interest of the predecessor partnership in two inventions which, we have found, had a cash value in the amount of $10,000 at that date. On the same date, the members of the predecessor partner-

ship, who were the holders of the shares of the par value of $55,020, issued in exchange for the intangibles, paid in to the corporation without consideration in stock or cash certain tangible assets which, we have found, had a cash value of not less than $30,000 at that time.

Since 50 per cent or more of the stock of the Williams Brothers Aircraft Corporation remained in the hands of the persons who had constituted the predecessor partnership, the invested capital of the petitioner must be computed under section 331 of the Revenue Act of 1918 which provides:

* * * That if such previous owner was not a corporation, then the value of any asset so transferred or received shall be taken at its cost of acquisition (at the date when acquired by such previous owner) with proper allowance for depreciation, impairment, betterment or development * * *.

In his determination of the deficiency here asserted the Commissioner ascertained the invested capital of the petitioner. The evidence that the assets paid in for stock had a value in excess of that allowed by the Commissioner is conclusive and we have so found. The law, however, excludes such assets from invested capital except at their actual cost to prior owners. That cost has not been proved. The petitioner claims that if its invested capital can not be determined, it is entitled to special assessment. There is no showing that the invested capital of the petitioner can not be ascertained. The application for assessment under section 328 of the Revenue Act of 1918 is denied.

The evidence discloses that during the taxable year the petitioner sold shares of its capital stock for cash in the approximate amount of $14,000. The amounts so paid in should be included in invested capital from the date or dates of such payment.

*Judgment will be rendered on 20 days' notice, under Rule 50.*